Scott H. Jacobs (SBN 81980)
    shjacobs@reedsmith.com
Brandon W. Corbridge (SBN 244934)
    bcorbridge@reedsmith.com
Raymond Y. Kim (SBN 251210)
    rkim@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile:  213.457.8080

Attorneys for Defendant
FIA CARD SERVICES, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FIA CARD SERVICES, N.A., MBNA AMERICA BANK N.A. and DOES 1-50,<br><br>　　　　　Defendants. | Case No. 8:10-cv-01300-DOC (JCx)<br><br>The Honorable David O. Carter<br><br>**DEFENDANT FIA CARD SERVICES, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>Date:　　January 24, 2011<br>Time:　　8:30 a.m.<br>Place:　　Courtroom 9D<br>　　　　　United States District Court<br>　　　　　411 West Fourth Street<br>　　　　　Santa Ana, California 92701 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

I . INTRODUCTION ................................................................................. 1

II . LEGAL ANALYSIS ........................................................................... 1

    A.    Plaintiff Does Not Dispute That His Claims For Fraudulent Concealment, Unfair Competition, and RICO Violations Are Time Barred........................................................................................ 1

    B.    Plaintiff Fails To State A Claim For Malicious Prosecution (Count I). ....................................................................................... 1

    C.    Plaintiff Fails To State A Claim For Fraudulent Concealment (Count II)......................................................................................... 4

        1.    Plaintiff's Claim For Fraudulent Concealment Is Time Barred............................................................................ 4

        2.    Plaintiff Cannot Satisfy Rule 9(b) Or Show Causation.................. 5

    D.    Plaintiff Fails To State A Claim Under Section 17200 (Count III)................................................................................................ 7

        1.    Plaintiff Has Failed to Allege Causation. ........................................ 7

        2.    Plaintiff Has Failed to Allege He Is Entitled to Restitution or Injunctive Relief. ................................................ 8

        3.    Plaintiff Has Failed to Allege FIA Engaged in Unlawful, Unfair or Fraudulent Conduct.......................................... 9

    E.    Plaintiff's RICO Claim (Count IV) Is Meritless.................................... 10

        1.    Plaintiff's predicate fraud allegations do not satisfy Rule 9(b)........................................................................ 10

        2.    Plaintiff Has Not Alleged Causation. .......................................... 12

        3.    Plaintiff Fails To Allege Facts Supporting An Inference That The Participants In The Alleged "Enterprise" Had A Common Purpose........................................................ 13

IV.    CONCLUSION ..................................................................................... 14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

## CASES

*Boyle v. United States*,
556 U.S. ---, 129 S. Ct. 2237, 173 L.Ed. 2d 1265 (2009).................................................. 13

*Brennan v. Tremco Inc.*,
25 Cal. 4th 310 (2001) ........................................................................................ 3

*Byrne v. Nezhat*,
261 F. 3d 1075 (11th Cir. 2001) ........................................................................ 5

*Casa Herrera, Inc. v. Beydoun*,
32 Cal. 4th 336 (2004) ........................................................................................ 4

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal. 4th 163 (1999) ........................................................................................ 9

*Dahlgren v. First Nat'l Bank of Holdrege*,
533 F.3d 681 (8th Cir. 2008) .............................................................................. 14

*Desert Healthcare Dist. v. PacifiCare FHP, Inc.*,
94 Cal. App. 4th 781 (2001) .............................................................................. 8

*Dongelewicz v. PNC Bank Nat'l Ass'n.*,
104 Fed.Appx. 811 (3d Cir. 2004) ..................................................................... 14

*Drum v. San Fernando Valley Bar Ass'n*,
182 Cal. App. 4th 247 (2010) ............................................................................ 9

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) .......................................................................... 10

*Hall v. Time Inc.*,
158 Cal. App. 4th 847 (2008) ............................................................................ 7

*HMS Capital v. Lawyers Title Co., Inc.*,
118 Cal. App. 4th 204 (2004) ............................................................................ 2

*Holmes v. Securities Investor Protection Corp.*,
503 U.S. 258, 112 S. Ct. 1311, 117 L.Ed.2d 532 (1992) ................................... 12

*Hudis v. Crawford*,
125 Cal. App. 4th 1586 (2005) .......................................................................... 3

*In re Firearms Cases*,
126 Cal. App. 4th 959 (2005) ............................................................................ 7

*Lackner v. LaCroix*,
25 Cal. 3d 747 (1979) ........................................................................................ 4

*Merlet v. Rizzo*,
64 Cal. App. 4th 53 (1998) ................................................................................ 3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Poulos v. Caesars World, Inc.*,
    379 F. 3d 654 (9th Cir. 2004) ............................................................................... 12

*Ray v. First Federal Bank*,
    61 Cal. App. 4th 315 (1990) ................................................................................... 4

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................... 10

*Wilkins v. National Broadcasting Co., Inc.*,
    71 Cal. App. 4th 1066 (1999) ................................................................................. 5

## RULES

Fed. R. Civ. P. 9(b) ......................................................................................................... 5, 10

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 8

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT FIA CARD SERVICES, N.A.'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

# I.   INTRODUCTION

Plaintiff's Opposition brief is as noteworthy for what it omits as for what it says.  Three omissions are particularly striking.  First, Plaintiff does not challenge FIA's argument that three of his four claims – all but malicious prosecution – are time barred.  Second, he completely fails to explain how FIA's decision to bring an action to collect delinquent credit card debt that Plaintiff has never disputed he owed could possibly be deemed "malicious" or lacking in probable cause.  And third, he fails to show that his Fourth Amended Complaint ("FAC") contains specific facts supporting an inference of "fraudulent" or "unfair" conduct by FIA, and in any event cannot explain how the conduct he does allege caused him any injury.

These glaring deficiencies, along with other fatal problems, warrant dismissal of the FAC with prejudice.

# II.   LEGAL ANALYSIS

**A.   Plaintiff Does Not Dispute That His Claims For Fraudulent Concealment, Unfair Competition, and RICO Violations Are Time Barred.**

In its opening brief in support of its motion to dismiss, FIA argued at length that three of Plaintiff's four causes of action were time barred.  (Doc. 38, at 3-6).  Although Plaintiff correctly points out that FIA did not challenge his fourth claim (malicious prosecution) on this basis, he does not otherwise challenge – or even mention – FIA's statute of limitations arguments.  Counts II, III, and IV should be dismissed on this basis alone.

**B.   Plaintiff Fails To State A Claim For Malicious Prosecution (Count I).**

1.   <u>FIA had probable cause for its debt collection action.</u>

Plaintiff's opposition to FIA's motion to dismiss his claim for malicious prosecution misses the mark on several critical points.  First, and most fundamentally, Plaintiff misunderstands the element of "probable cause" in the context of a malicious prosecution action.  Plaintiff contends that "probable cause" here relates to FIA's decision to commence an arbitration proceeding rather than a lawsuit.  But, that is not

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

the relevant inquiry and Chan has cited no authority to suggest that it is.  The relevant inquiry is whether FIA reasonably believed that its <u>claim</u> was valid, i.e. did FIA reasonably believe that Chan owed the balances on his credit card accounts.  *See HMS Capital v. Lawyers Title Co., Inc.*, 118 Cal. App. 4th 204, 217 (2004).  Nowhere in his opposition does Chan contend, and nowhere in the FAC does he allege, that FIA commenced the arbitration proceedings without a good faith belief that Chan owed money on his credit card accounts, or that FIA commenced the arbitrations for any reason other than to collect the balance due on those accounts.

The FAC in fact confirms FIA's probable cause both by what it says and what it fails to say:

1. Prior to 1998, Chan established two credit card accounts.  (FAC ¶ 12);

2. In 2002, a dispute arose between FIA and Chan regarding charges on his accounts.  (FAC ¶ 14);

3. In October 2002, FIA notified Chan in writing of the balance due on the accounts.  FIA also notified Chan that FIA intended to commence arbitration to collect the balances owed if Chan did not pay the accounts.  (FAC ¶¶ 15 and 16);

4. Chan does not allege that he did not borrow the money that FIA sought to collect from him;

5. Chan does not allege that he notified FIA of any particular disputed charges on either of the accounts.

In sum, FIA had an account holder who did not dispute that he owed in excess of $24,000 on two credit card accounts.  These are the circumstances under which FIA commenced the arbitration proceedings, and based on these undisputed facts it is clear that FIA had probable cause to commence legal action to collect the money owed.[1]

---

[1]  To the extent that Chan contends that the subsequent filing of petitions to confirm the arbitration awards as judgments were, in and of themselves, maliciously prosecuted, such contention is unavailing.  Those petitions were simply a continuation of the existing action that was commenced

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.  <u>Plaintiff's allegations of jurisdictional, procedural, or evidentiary flaws in his arbitration proceedings cannot support a malicious prosecution claim.</u>

Plaintiff cannot salvage his malicious prosecution claim by pointing to a hodgepodge of supposed problems with his arbitration proceedings.  For example, Plaintiff complains about FIA's choice of venue in various ways, FAC ¶ 83, and he contends that use of an arbitral forum was improper "because FIA knew Chan never agreed to arbitrate . . . ."  (Doc. 39, at 2:14-18).  As a matter of law, neither of these contentions supports a claim for malicious prosecution because they do not challenge the sincerity of, or good faith basis for, FIA's belief that it had a valid claim for money due. *Hudis v. Crawford,* 125 Cal. App. 4th 1586, 1592 (2005) (dismissal due to jurisdictional defect does not constitute a favorable termination reflecting on the merits of the action.)

Plaintiff's allegations in the FAC, which critique what allegedly transpired in the arbitration proceedings, including the alleged lack of evidence, likewise cannot establish lack of probable cause.  As a matter of law, malicious prosecution actions cannot be brought based upon prior contractual arbitrations because arbitrators need not explain the bases for their decisions.  *Brennan v. Tremco Inc.*, 25 Cal. 4th 310, 314 (2001).  The lack of a written rationale for the decision would frustrate any determination of whether or why the action was terminated in favor of a particular party, which is an indispensable inquiry in prosecuting a subsequent malicious prosecution action. *Id.* at 316.  Since Chan would be barred, as a matter of law, from maintaining a malicious prosecution action had he prevailed initially in the arbitration, the result here should be no different simply because the arbitration awards were subsequently vacated.

---

by the arbitration.  *Merlet v. Rizzo*, 64 Cal. App. 4th 53, 60 (1998) (continuation of existing litigation cannot form the basis of a malicious prosecution action).

3.     The prior actions were not terminated in Plaintiff's favor.

Chan's attempt to show that the prior actions were terminated in his favor also fails.  Chan's sole basis for his contention that the prior judicial actions were terminated in his favor is the fact that the judgments "were vacated by the appellate court." (Doc. 39, at 4:16).[2]  As FIA demonstrated in its motion, a technical or procedural termination, as distinguished from a substantive one, is not favorable for purposes of malicious prosecution.  *Lackner v. LaCroix*, 25 Cal. 3d 747, 750 (1979).

As Chan correctly points out, to be a favorable termination, the decision in the underlying action must reflect on the "innocence" of the misconduct alleged against the malicious prosecution plaintiff.  (Doc. 39, at 4:18-22, *citing Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336 (2004)).  In the context of this case, a finding of "innocence" would mean a finding that Chan did not owe any money on either of the accounts.  There was obviously no such finding here.  The Court of Appeal simply found that "MBNA [FIA's predecessor] must start over and prove its debt with a trial instead of arbitration." (Doc. No. 1-3, at 129).[3]

**C.     Plaintiff Fails To State A Claim For Fraudulent Concealment (Count II).**

1.     Plaintiff's Claim For Fraudulent Concealment Is Time Barred.

Notably absent from Plaintiff's opposition is any direct response to FIA's contention that his claim for fraudulent concealment is barred by the applicable statute of limitations.  There is only a passing reference in the opposition, when Chan makes the following statement:

---

[2]     There is no specific allegation in Count I that even addresses this element.

[3]     The cases cited by Chan on this issue are not helpful to him.  In *Ray v. First Federal Bank*, 61 Cal. App. 4th 315, 317 (1990), the court of appeal affirmed summary judgment on the ground that the action lacked intrinsic merit, which substantive determination (rather than the trial court's technical statute of limitations finding) served as the basis for a subsequent malicious prosecution claim.  In *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336 (2004), the court's decision was based on the parole evidence rule, which is a rule of substantive law.  *Id.* at 343-344.

– 4 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> FIA concealed the fact that it was colluding and conspiring with NAF in order to make a profit from collecting spurious debts from California card holders. FAC ¶¶ 58, 73.  This was done from 2002 to the present, and Chan only found out about FIA's concealment in July 2009.  FAC ¶¶ 14, 74.

(Doc. 39, at 6:5-8).

But this contention is insufficient to delay the commencement of the limitations period.  As FIA demonstrated in its motion, Plaintiff was on notice as early as 2002 of facts that would have created some suspicion or duty of inquiry on his part.  Plaintiff's claim for fraudulent concealment is time-barred.

2.  Plaintiff Cannot Satisfy Rule 9(b) Or Show Causation.

Chan's pleading is a model of the type of "shotgun pleading" that has been uniformly criticized.  *Byrne v. Nezhat*, 261 F. 3d 1075, 1129-30 (11th Cir. 2001).  In the FAC, Chan alleges numerous events, occurring over a period of twelve (12) years, in eighty (80) paragraphs, which consume twenty-two (22) pages.  He then begins his claim for fraudulent concealment by incorporating all of the previous paragraphs. (FAC ¶ 81).  Then he concludes in circular fashion that he "could not have discovered the wrongful conduct of defendants at an earlier time by the existence of due diligence, because of defendants' fraudulent and active concealment of the conspiracy with NAF."  (FAC ¶ 90).

It is impossible to tell with any certainty what the "wrongful conduct" is that is the basis of this claim or what steps were taken by anyone (and when, and how) by way of "concealment."  As argued in FIA's opening brief, this cannot satisfy the requirements of Rule 9(b).  Moreover, the inadequacies of the fraudulent concealment claim are particularly striking with respect to causation.  It is axiomatic that in any species of a claim for fraud, a plaintiff must allege actual reliance.  *See Wilkins v. National Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1081 (1999).  The element of actual reliance is a combination of the plaintiff's belief in the truth of the representations, and his action in response to the belief.  In this case, Chan would have

– 5 –

1   to plead and prove that, because material facts were concealed from him, he believed

2   that a valid arbitration agreement existed and the arbitration awards were valid.

3   Although Plaintiff dutifully recites the legal formula that he "acted or refrained from

4   acting in reliance upon the representation of defendants," FAC ¶ 93, he has not and

5   cannot allege any such facts.  Rather, it is clear that Plaintiff believed at all times that

6   FIA's arbitration awards were invalid, and he moved to set them aside long before he

7   learned of any supposedly hidden facts about NAF.

8       It is particularly absurd for Plaintiff to contend that had he known of the alleged

9   conspiracy between FIA and NAF, he would not have taken out loans to satisfy the

10  arbitration awards against him.  (Doc. 39, at 7:18-20).  Evidence cited by Plaintiff in

11  his FAC conclusively establishes that prior to refinancing his home he had already

12  formed the belief that the awards were void.  In his FAC (¶ 51), Chan refers to an

13  agreement that he entered into with Lawyers Title Insurance Corporation  pursuant to

14  which funds were set aside for satisfaction of certain "judgments" against him.  That

15  agreement, which was signed by Chan on October 25, 2006, states:[4]

16      Indemnitor [Chan] contends that the two judgments by MBNA [FIA's
        predecessor-in-interest] listed in the Schedule A Exception are void.  He
17      also contends that both of the judgments listed in the Exception by
        CACV are also void.  Indemnitor intends to pursue legal remedies to
18      resolve these items.
19

20      This agreement demonstrates not only that Plaintiff already believed that

21  FIA's awards and judgments were void at the time he took out the loan, but

22  also that FIA's judgments were hardly the only reason for the taking of the

23  loan:  there were numerous other judgments, creditors, and tax liens that may

24  have motivated him to take the loan.  *Id.* at Schedule B.  The existence of these

25

26  4  Declaration of Scott H. Jacobs, Ex. A.  As noted by the court in its ruling on FIA's motion to
    dismiss the third amended complaint.  A court may consider documents on which the complaint
27  necessarily relies if (1) the complaint refers to the documents; (2) the document is central to
    plaintiff's claims; and (3) no party questions the authenticity of the copy.  (Doc. 33, at 3).

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

multiple creditors and liens also undermines Plaintiff's vague and unsubstantiated assertion that FIA's actions harmed his credit rating. (FAC ¶ 95; Doc. 39, at 7). Chan has failed to state a claim for fraudulent concealment.

**D.   Plaintiff Fails To State A Claim Under Section 17200 (Count III).**

    1.   <u>Plaintiff Has Failed to Allege Causation.</u>

Plaintiff's Opposition fails to explain how any alleged conduct by FIA caused Plaintiff's alleged injuries. As discussed in FIA's opening brief, (Doc. 38, at 14-16), causation is an essential element of any UCL action.[5] *See In re Firearms Cases*, 126 Cal. App. 4th 959, 981 (2005) ("The UCL's provisions are not so elastic as to stretch the imposition of liability to conduct that is not connected to the harm by causative evidence."). In his Opposition, Plaintiff states that FIA's actions "caused injury to Chan" (Doc. 39, at 10-11), but beyond this conclusory statement he offers no facts to show how his financial situation would have been better (or different at all) if FIA had handled its collection efforts differently.

Not only do Plaintiff's allegations show that he believed the arbitration awards were invalid from the outset, but he also alleges no facts indicating he would have acted otherwise, i.e. would not have challenged the arbitration awards or would not have taken out the loan, had he known of any alleged conspiracy with NAF. *See supra* Part C.2 (discussing Plaintiff's Indemnity Agreement with Lawyers Title). Plaintiff makes little effort to address this inconsistency in his Opposition. Accordingly, Plaintiff has failed to satisfy a critical element of his UCL claim, and it should be dismissed on this ground alone.

---

[5]    The type of causation argument FIA makes here is also sometimes couched in terms of a plaintiff's lack of "standing" to bring a UCL claim. A private person has standing to assert a UCL claim only if he "(1) has suffered injury in fact, and (2) has lost money or property ***as a result of such unfair competition***." *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008) (sustaining demurrer on UCL claim because plaintiff did not allege he lost money or property as a result of defendant's acts of alleged unfair competition).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

2.     <u>Plaintiff Has Failed to Allege He Is Entitled to Restitution or Injunctive Relief.</u>

Plaintiff admits in his Opposition that he amended his complaint in response to the Court's Order granting FIA's Motion to Dismiss Plaintiff's Third Amended Complaint, in which the Court commented that the Complaint did not contain any allegation that FIA did not return all sums collected from Plaintiff and therefore did not establish that restitution was available.  Plaintiff, now on his fifth attempt to state a claim, dutifully inserted this very allegation in the FAC.  Even treating this sudden new discovery of missing money as true for the sake of this motion, Plaintiff has still failed to plead facts supporting an entitlement to restitution.

Plaintiff does not adequately rebut FIA's argument that Plaintiff has not acted with clean hands.[6]  Restitution is an equitable remedy and one the court has discretion to award.  *See Desert Healthcare Dist. v. PacifiCare FHP, Inc.*, 94 Cal. App. 4th 781, 795 (2001) ("Because the remedies available under the UCL, namely injunctions and restitution, are equitable in nature, courts have the discretion to abstain from employing them.").  As argued in FIA's opening brief, California courts hold that equitable remedies are not available to those with unclean hands.  (Doc. 38, at 11).  Plaintiff's allegations regarding his own conduct, therefore, are relevant to the Court's determination of whether Plaintiff had adequately pled that he is eligible for restitution.  The FAC demonstrates that Plaintiff is a delinquent debtor who has not repaid his debt and in fact has resisted FIA's prolonged efforts to collect the money he owes, so he has disqualified himself from obtaining equitable restitution.

Finally, Plaintiff does not respond to FIA's argument that Plaintiff is not entitled to injunctive relief because the judgments of which he complains were

---

[6]     Plaintiff's only attempt at a rebuttal to this point is the strange contention that FIA is "attempting to argue the merits of Chan's claims," Doc. 39, at 8, but this is exactly what a Rule 12(b)(6) movant is supposed to do:  FIA is contending that the facts asserted in the FAC fail to state a claim upon which relief could be granted, so his claims lack merit.

1   vacated in June 2007.  Plaintiff admits he is seeking injunctive relief (Doc. 39, at 8:15-

2   17), yet nowhere does not he explain why he is entitled to this relief, nor even that

3   there is any ongoing conduct by FIA to enjoin.  Accordingly, Plaintiff does not state

4   facts showing he is entitled to injunctive relief or restitution, and the Court should

5   dismiss the UCL claim on this ground.

6           3.      Plaintiff Has Failed to Allege FIA Engaged in Unlawful, Unfair or
                    Fraudulent Conduct.
7

8           Not only has Plaintiff failed to identify any causal link between FIA's alleged

9   conduct and his alleged damages, and failed to establish his eligibility for the relief he

10  seeks under 17200, but Plaintiff has also not shown that FIA engaged in unlawful,

11  unfair or fraudulent business practices.

12                  a.      Unlawful Conduct

13          Plaintiff's claim that FIA engaged in unlawful conduct under Section 17200

14  fails because, as discussed in FIA's opening brief and in this reply, Plaintiff has failed

15  to allege that FIA violated any predicate state or federal laws.  "[S]ection 17200

16  'borrows' violations of other laws and treats them as unlawful practices that the unfair

17  competition law makes independently actionable."  *See Cel-Tech Communications,*

18  *Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).  Plaintiff has

19  failed to state a claim under any other law, and therefore cannot borrow violation of

20  these laws to support a claim for unlawful business practice.

21                  b.      Unfair Conduct

22          As Plaintiff notes, Section 17200 does not define the term "unfair."  As a result,

23  "a split of authority developed among the Courts of Appeal, which have applied three

24  different tests for unfairness in consumer cases."  *Drum v. San Fernando Valley Bar*

25  *Ass'n*, 182 Cal. App. 4th 247, 256 (2010).  Plaintiff argues that the Court should

26  follow the earlier pre-*Cel-Tech* test of unfairness.  The Fourth District, however, has

27  rejected this test as "vague" and requires that a plaintiff in a consumer UCL action

28  show that the public policy which is predicate to the action is "tethered" to specific

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  constitutional, statutory or regulatory provisions.  *See Durell v. Sharp Healthcare*, 183

2  Cal. App. 4th 1350, 1366 (2010).  As discussed in ample detail in FIA's opening brief,

3  Plaintiff has failed to allege that his claims are "tethered" to any underlying

4  constitutional, statutory or regulatory provision.

5            **c.    Fraudulent Conduct**

6       Plaintiff also fails to allege that FIA engaged in any fraudulent conduct.  Most

7  fundamentally, Plaintiff fails to allege with particularity any fraudulent conduct by

8  FIA, as is required for a Plaintiff making a claim under the "fraudulent" prong of the

9  UCL.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  As

10  explained at length elsewhere in FIA's briefing on this motion, Plaintiff has not

11  satisfied the requirements of Rule 9(b).  (Doc. 38, at 8-9 & 16-18; *infra* Part. E.1).

12  Moreover, Plaintiff has failed to allege facts showing he relied on any alleged

13  misrepresentations.  *See supra* Part II.C.2.  Plaintiff's Count III has no merit under

14  any prong of the UCL.

15  **E.    Plaintiff's RICO Claim (Count IV) Is Meritless.**

16         1.    <u>Plaintiff's predicate fraud allegations do not satisfy Rule 9(b).</u>

17       In its opening brief, FIA noted the FAC's complete lack of factual support for

18  Plaintiff's naked assertion that FIA made "at least two . . . untruthful statements

19  regarding Plaintiff's . . . credit card debt, arbitration awards, superior court awards."

20  [FAC ¶ 110]  FIA challenged Plaintiff to point to allegations in the FAC that answer

21  some of the most basic questions for which Rule 9(b) requires answers:  "What were

22  those [untruthful] statements?  Who made them?  When were they made?  Why were

23  they misleading?"  (Doc. 38, at 17).  Plaintiff did not meet this challenge.

24       Plaintiff's failure is not from lack of trying:  his brief unleashes a barrage of

25  citations to his FAC to try to create the illusion of specificity.  (Doc. 39, at 13-14).

26  But Plaintiff's effort fails because the FAC simply contains no facts showing that FIA

27  said anything untruthful.  Plaintiff's first wave of citations is to a set of paragraphs

28  that simply restate in various ways his legal conclusions of fraud, intent, and reliance.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Id.* at 13 (citing FAC ¶¶ 83, 84, 92, 93,108-114).[7]  His second wave of citations is to a huge array of paragraphs about the procedural history of FIA's efforts to collect his undisputedly delinquent debt.  *Id.* at 14.  The great majority of these allegations have no bearing whatsoever on the truth or falsity of any representations:  they simply state Plaintiff's account of the sequence of events.

Plaintiff points to a few stray allegations in which he makes entirely conclusory assertions that FIA said something "false" or "wrong," but these may be quickly disposed of.  For example, Plaintiff cites to his repeated assertion that FIA's attorneys sent him letters about his delinquent debt that "referenced wrong account numbers." (FAC ¶¶ 38, 41).  But this sort of error, if it in fact occurred at all, is obviously not fraud:  Plaintiff does not dispute that he in fact had two delinquent accounts with FIA, and there is no allegation that FIA intended to deceive or in fact deceived him by using these supposedly incorrect numbers.  There is also no suggestion that Plaintiff relied on the supposed errors in any way, nor any explanation of what FIA could possibly hope to gain from Plaintiff by knowingly referring to incorrect account numbers.  Additionally, Plaintiff points to paragraphs where he claims FIA made "false" representations that it obtained an interest in his house and might take action to enforce that interest.  (FAC ¶¶ 44, 50).  But as already noted in FIA's opening brief, (Doc. 38, at 18), according to Plaintiff those representations were true:  FIA did obtain liens on Plaintiff's house, FAC ¶¶ 43, 56, and obviously FIA intended to collect Plaintiff's delinquent debts if it could.[8]

---

[7]     It is telling that all of these paragraphs are found in Plaintiff's legal counts, rather than in the "Operative Facts" section of the FAC.  They are not factual assertions – they are legal conclusions.

[8]     Plaintiff's Opposition brief understandably does not assert that any purportedly fraudulent omissions have been pled with the specificity required by Rule 9(b).  To the extent Plaintiff asserts omissions in the FAC at all they are vague and internally inconsistent.  For example, Plaintiff suggests that FIA failed to "reasonably" notify cardholders of the arbitration clause, FAC ¶ 12, but this is squarely contradicted by Plaintiff's later admission that FIA told him about the clause in writing in 2002, FAC ¶¶ 15-16.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Plaintiff failed to identify any acts of fraud with specificity not because his FAC

2    is inartfully pled, but because of the more fundamental fact that he was never deceived

3    and has no evidence that FIA ever tried to deceive him.  FIA tried to collect an

4    undisputed debt through a process described in its cardholder agreement.  FIA

5    repeatedly informed Plaintiff over the years about the status of the proceedings and

6    what it might do next.  (*See, e.g.* FAC ¶¶  15-16, 18, 21, 38-39). Whatever other

7    complaints Plaintiff may have about FIA's debt collection efforts, they were not

8    fraudulent, as Plaintiff himself recognized by omitting any assertion of fraud from his

9    first four pleadings against FIA.

10        2.    Plaintiff Has Not Alleged Causation.

11    Plaintiff has no effective answer to FIA's argument (Doc. 38, at 19-20) that he

12    has failed to allege any facts showing a "direct relation between the injury asserted

13    and the injurious conduct alleged."  *Holmes v. Securities Investor Protection Corp*.,

14    503 U.S. 258, 268, 112 S. Ct. 1311, 117 L.Ed.2d 532 (1992); *Poulos v. Caesars*

15    *World, Inc*., 379 F. 3d 654, 664 (9th Cir. 2004) (requiring a showing of proximate

16    causation for RICO claims).  Plaintiff simply announces that "damages and proximate

17    cause are clearly alleged," (Doc. 39, at 14), and then cites to assorted paragraphs in

18    the FAC that are devoid of any factual substance that could support an inference that

19    FIA's supposed misconduct caused his alleged injuries.

20        FIA's opening brief explained why Plaintiff's unsupported assertions of

21    causation lack evidentiary support, and Plaintiff's Opposition brief does not address

22    that deficiency.  Plaintiff skips over this issue because it is obvious that the two direct

23    causes of his "injuries" are (1) his own undisputed failure to pay his credit card debts

24    and force his creditors to initiate collection activity, and (2) his own independent

25    decision to try to pay off his delinquent debts[9] by taking out another loan from a third

26    _____

27    9    As already noted *supra*, a document referenced in the FAC makes clear that Plaintiff's
     delinquent debt to FIA was not the only reason he took out a loan:  he owed money to the
     government and a number other creditors as well.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  party, at an interest rate he agreed to and FIA had nothing to do with.  Given these

2  actions by Plaintiff, the fact that FIA sought to collect the money he owed by

3  arbitrating rather than litigating had no impact on him.

4       3.    Plaintiff Fails To Allege Facts Supporting An Inference That The

5            Participants In The Alleged "Enterprise" Had A Common Purpose.

6       Unlike causation, which he mostly ignores, Plaintiff's Opposition brief argues

7  at length that Plaintiff has adequately alleged that FIA conducted the affairs of a RICO

8  "enterprise." (Doc. 39, at 14-17).  In most respects, FIA is content to rely on the

9  arguments in its opening brief on this topic.  The main point worth noting from

10  Plaintiff's Opposition is that despite his extended discussion, Plaintiff cannot identify

11  any facts in the FAC showing that the supposed participants in the alleged

12  "enterprise" acted with a common purpose, as is required.  *Boyle v. United States*, 556

13  U.S. ---, 129 S. Ct. 2237, 2242, 173 L.Ed. 2d 1265 (2009).

14       FIA argued in its opening brief that the allegations in the FAC show that the

15  alleged participants have different purposes.  (Doc. 38, at 21-22) (noting that FIA is a

16  lender seeking to profit from credit card loans and collect debts related to those loans,

17  FAC ¶ 2, while NAF is an administrator of arbitration services that "earns revenue . . .

18  [when] NAF is used to arbitrate disputes," FAC ¶ 60).  Plaintiff does not answer this

19  point directly because he cannot:  his FAC does not explain why a credit card lender

20  and a dispute resolution forum share a common purpose.  Instead, Plaintiff points to

21  the paragraphs in his FAC that show that certain participants in the purported

22  enterprise, such as NAF and the law firm of Wolpoff & Abramson, provided

23  professional services to FIA.  (Doc. 39, at 15).

24       The mere provision of professional services by one entity to another, however,

25  does not suffice to show that they shared a common purpose or conducted each others'

26  affairs for RICO purposes.  Plaintiff attempts to distinguish the cases in FIA's opening

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    brief[10] cited for this proposition by noting that in those cases the banks were the

2    service providers rather than the "principal directors" of the enterprises alleged there.

3    (Doc. 39, at 17).  This distinction misses the point.  The point of those cases is that for

4    a plaintiff to establish that an enterprise existed and that the defendants "conducted its

5    affairs" he must do more than show that one or more defendants provided services to

6    others.   But that is all that the facts in Plaintiff's FAC show here:  once conclusory

7    verbiage is set aside, as it must be, there are no facts supporting an inference that

8    NAF, Mann Bracken, and FIA shared a common purpose.

9                                    **IV.    CONCLUSION**

10           For the foregoing reasons, FIA respectfully requests that this Court grant its

11   Motion to Dismiss Plaintiff's Fourth Amended Complaint and dismiss each of the

12   causes of action contained therein with prejudice.

13

14   DATED: January 10, 2011                    REED SMITH LLP

15

16                                     By    */s/ Scott H. Jacobs*
                                            Scott H. Jacobs
17                                          Brandon W. Corbridge
                                            Raymond Y. Kim
18                                          Attorneys for Defendant
                                            FIA CARD SERVICES, N.A.
19

20

21

22

23

24

25

26

27   10      *See* Doc. 38, at 22 (citing *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 690 (8th
     Cir. 2008), and  *Dongelewicz v. PNC Bank Nat'l Ass'n.*, 104 Fed.Appx. 811, 818 (3d Cir. 2004)).

28

– 14 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PROOF OF SERVICE

I, CANDICE A. SPOON, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.  On January 10, 2011, I served the following document(s) by the method indicated below:

- **DEFENDANT FIA CARD SERVICES, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

☒ BY CM/ECF ELECTRONIC DELIVERY:  In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov:

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.  Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| Laurie D. Rau<br>Anthony G. Chavos<br>Chavos & Rau, APLC<br>3 MacArthur Place, Suite 150<br>Santa Ana, CA  92707<br>Telephone: 714.435.9505<br>Facsimile:  714.435.9506<br>Email: partners@chavosandrau.com | Attorneys for Plaintiff Steve Chan |
| --- | --- |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on January 10, 2011, at Los Angeles, California.

CANDICE A. SPOON

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

PROOF OF SERVICE