1  Scott H. Jacobs (SBN 81980)
   shjacobs@reedsmith.com
2  Brandon W. Corbridge (SBN 244934)
   bcorbridge@reedsmith.com
3  Raymond Y. Kim (SBN 251210)
   rkim@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA  90071-1514
   Telephone:  213.457.8000
6  Facsimile:   213.457.8080

7  Attorneys for Defendant
   FIA CARD SERVICES, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAN,<br><br>             Plaintiff,<br><br>       vs.<br><br>FIA CARD SERVICES, N.A., MBNA AMERICA BANK N.A. and DOES 1-50,<br><br>             Defendants. | Case No. 8:10-cv-01300-DOC (JCx)<br><br>The Honorable David O. Carter<br><br>**DECLARATION OF SCOTT H. JACOBS IN SUPPORT OF DEFENDANT FIA CARD SERVICES, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>Date:   January 24, 2011<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br>          United States District Court<br>          411 West Fourth Street<br>          Santa Ana, California  92701 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DECLARATION OF SCOTT H. JACOBS IN SUPPORT OF DEFENDANT FIA CARD SERVICES, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

## DECLARATION OF SCOTT H. JACOBS

I, Scott H. Jacobs, hereby depose and say:

1. My name is Scott H. Jacobs. I am a Partner at Reed Smith LLP and one of the attorneys representing Defendant FIA Card Services, N.A., f/k/a MBNA America Bank, N.A., ("FIA").

2. I make this Declaration based upon my personal knowledge and my review of publicly available records. I am competent to testify if called upon as a witness herein.

3. While this action was pending in the Superior Court, FIA propounded discovery to Plaintiff, including a request for production of documents. Among the documents FIA requested were documents related to the agreement between Plaintiff and Lawyers Title Insurance.

4. Attached hereto as Exhibit "A" is a true and correct copy of a document entitled "Indemnity Agreement" which was produced by Plaintiff in response to FIA's request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of January, 2011.

_____
Scott H. Jacobs

– 1 –

# Exhibit A

Indemnity No. **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**
Order No. 01132108

# INDEMNITY AGREEMENT
Security Agreement - Pledge

This Indemnity Agreement is entered into by and between the undersigned (hereinafter referred to as "Indemnitor") whose name is set forth on the signature page hereof, and Lawyers Title Insurance Corporation, a Virginia corporation (the "Title Company"), with reference to the following facts:

A. Indemnitor has requested Title Company to issue its policy of title insurance insuring interest in and/or title to real property described in Schedule A attached hereto (such property is hereinafter referred to as the "Insured Premises") without exception to or providing certain affirmative insurance against the matter set forth as the Exception in Schedule A attached hereto (hereinafter referred to at the "Exception").

B. Title Company is unwilling to issue such policy unless indemnified by Indemnitor as hereinafter provided. Indemnitor has, as an inducement to Title Company, offered to indemnify Title Company against loss or damage which Title Company may become liable for by reason of providing affirmative insurance against loss sustained or incurred under such policy by reason of the Exception.

In consideration of the foregoing facts and of the issuance by Title Company of its policy of title insurance as aforesaid, Indemnitor hereby indemnifies and holds Title Company harmless from and against any and all claims, losses, damages, liabilities and expenses, including but not limited to attorneys' fees and expenses of litigation suffered or incurred by Title Company under its policy or policies of title insurance or otherwise, on account of the omission or deletion of, or affirmative insurance in connection with, the Exception.

**Indemnitor further agrees as follows:**

1. Indemnitor shall take such action as is necessary to timely remove, satisfy or discharge the Exception prior to the Release Date, if any, set forth on the signature page hereof. If at any time Title Company deems it necessary in order to satisfy its obligations under such policy, it may, in its sole discretion, without notice to Indemnitor, pay, satisfy, compromise or do any other act, including but not limited to commencement of litigation, necessary in its judgment to obtain a release or discharge of the Exception. Indemnitor hereby authorizes and empowers Title Company to advance and pay any sums necessary to obtain a release, discharge or satisfaction of the matters set forth as the Exception. Notwithstanding anything herein which may be construed to the contrary, Title Company shall not have to pay, incur or sustain monetary loss in any amount before being entitled to call upon Indemnitor to provide to Title Company funds necessary to pay, satisfy, compromise or do any other act necessary to obtain a release or discharge of the Exception or otherwise satisfy Title Company's obligations under such policy and Indemnitor shall promptly furnish such funds so demanded. Indemnitor shall reimburse Title Company for any amounts advanced by Title Company pursuant to this Agreement together with interest at the rate of ten percent (10%) per annum from the date of such advance.



Page 1 of 5

Indemnity-SecAgmt-6-21-02
Revised 6/21/2002

2. Indemnitor shall diligently provide for the defense of any and all actions referred to in or based upon the Exception. Title Company shall have the right to select and approve any and all counsel who may be retained by Indemnitor or Title Company to defend any such action and Indemnitor shall promptly pay all reasonable fees and expenses of the counsel so selected or approved by Title Company, or alternatively, Title Company shall have the option to use or apply all or any part of the collateral (defined below), or disburse proceeds of the collateral, to pay such fees, costs and expenses.

3. To secure performance of all of Indemnitor's obligations, duties, agreements and promises under this Agreement, Indemnitor delivers to Title Company the funds set forth on the signature page hereof (hereinafter referred to as "collateral"), together with all interest earned on the collateral, and any other money or property which Indemnitor is or may hereafter become entitled to receive on account of the collateral pursuant to the California Uniform Commercial Code (hereinafter referred to as the "UCC"). Title Company shall be entitled to all rights and remedies of a secured party under the UCC and any other California law. If Indemnitor provides a completed I.R.S. Form W-9, the collateral while held by Title Company shall be held in an interest bearing account in the name of Title Company in a bank insured by the FDIC. Income and risk of loss to the collateral while on deposit in such interest bearing account shall accrue to Indemnitor. Title Company may, at any time, without notice, and at Indemnitor's expense, compromise or settle any claims affecting Title Company's rights in the collateral or Title Company's rights under this Agreement. In the event of Indemnitor's breach or default under the terms of this Agreement, Title Company shall have the right to use or apply all or any part of the collateral, or disburse proceeds of the collateral, to obtain a release or discharge of the Exception. Indemnitor further authorizes Title Company, without notice or demand and without affecting Indemnitor's liability under this Agreement, from time to time, to (a) hold as additional security any profits or increases in the collateral and apply the additional security to the discharge or release of the Exception; (b) apply the collateral or other security and direct the order or manner of disposition as Title Company in its discretion may determine; (c) release or substitute the Indemnitor or any other person obligated under this Agreement; (d) pay reasonable attorneys' fees and legal expenses incurred by Title Company; and (e) disburse the balance of the collateral, the balance of the interest accrued on the collateral, and the balance of the additional security, if any, to Indemnitor. Indemnitor waives any right to require Title Company to (a) proceed against any person; (b) proceed against or exhaust any collateral; or (c) pursue any other remedy in Title Company's power.

4. Title Company may rely upon this Agreement in issuing any policies whether or not Indemnitor is the person ordering the same, regardless of any change in ownership of or the title to the Insured Premises or any portion thereof or any change in the nature of Indemnitor's interest in the same. The issuance of any such policies in the manner desired by Indemnitor may cause Title Company to deem it necessary or expedient for practical business reasons to issue other policies with respect to the Insured Premises without showing therein as matters not insured against the Exception or actions based thereon or to provide indemnities to other title insurers to induce them to issue such policies. Consequently, the obligations of Indemnitor hereunder shall not be limited to the policy or policies initially issued with respect to the Insured Premises or portions thereof but shall apply also to any policies of title insurance subsequently issued with respect to the Insured Premises or portions thereof and to any indemnities provided to other title insurers. Nothing contained herein shall be construed as an obligation on the part of Title Company to issue any policies of title insurance. However if Title Company does issue any policies of title insurance as requested by Indemnitor then the Indemnitor gives the assurances and indemnities as provided by this Agreement. The term policy of title insurance as used herein shall be deemed to include any binder, commitment, preliminary report, policy, guarantee or endorsement.

5. Indemnitor warrants the accuracy and truthfulness of all financial statements and other information submitted to Title Company by Indemnitor to induce Title Company to rely on

this Agreement. Indemnitor shall promptly advise Title Company in writing of any material adverse change in Indemnitor's financial condition.

6. This Agreement shall be liberally construed in the interest of and for the protection of the Title Company. This Agreement shall be governed and construed in accordance with the laws of the state in which the Insured Premises is situated and if any provision hereof is held to be void or unenforceable under said laws, this Agreement shall not be voided or vitiated thereby but shall be construed to be enforced with the same effect as though such provision were omitted.

7. The liability of the Indemnitor under this Agreement is direct and primary and is not conditioned or contingent upon prior pursuit of any remedies by Title Company. Indemnitor shall be liable and shall promptly pay to Title Company all reasonable costs, expenses and attorneys' fees incurred by Title Company in enforcing any of its rights hereunder.

8. This Agreement shall be binding upon the Indemnitor its successors and assigns and shall inure to the benefit of Title Company, its successors and assigns, agents and underwritten title companies, including without limitation any other insurer involved in reinsuring in any manner any liabilities of Title Company under any policy or policies of title insurance to which this Agreement relates.

9. All notices to be given hereunder shall be in writing and mailed postage prepaid by certified or registered mail, return receipt requested, or delivered by personal delivery, to Indemnitor's address and Title Company's address which are set forth herein, or to such other place as Indemnitor or Title Company may designate in a written notice given to the other party. Notices, if personally delivered, shall be deemed received upon delivery, and if mailed, shall be deemed received three (3) days after the date of mailing.

10. In this Agreement wherever the context so requires, the singular number includes the plural, and where there is more than one person included as Indemnitor, the obligations under this Agreement shall be binding on all such persons jointly and severally. If any Indemnitor is not bound hereunder for any reason, this Agreement shall still be binding upon the other Indemnitors.

11. Indemnitor has deposited the sum of $222,709.48 with Title Company valued at twice the face amount of the items listed in the Schedule A Exception. The collateral deposited with the Title Company shall be available to pay a creditor set forth in the Exception in the amount negotiated between the creditor and the Indemnitor. Title Company will release to Indemnitor that portion of the collateral securing any item in the Schedule A Exception within 10 days of it's resolution. For purposes of this paragraph "resolution" shall mean presentation to the Title Company of all documents necessary to remove that item of the Exception from the real estate records of the County of Orange, in fully executed and acknowledged form sufficient for recording.

Indemnitor contends that the two judgments by MBNA listed in the Schedule A Exception are void. He also contends that both of the judgments listed in the Exception by CACV are also void. Indemnitor intends to pursue legal remedies to resolve these items. Title Company will not act to resolve the MBNA and CACV judgments until either 6 months from the close of escrow or a final ruling by the court on Indemnitor motions, unless Title Company is required to act to protect the interest of it's insured under the policy of title insurance issued in reliance upon this Agreement. Title Company shall give Indemnitor ten (10) days notice prior to taking any such action to protect the interest of it's insured. Indemnitor and Indemnitor's CPA is working with the State of California Franchise Tax Board regarding all tax liens by the state. Indemnitor is in negotiations over other items in the Schedule A Exception.

Indemnitor shall have nine (9) months from the close of escrow to resolve the items set forth in the Exception. In the event that Indemnitor fails to resolve any matter identified in the

Exception within said nine (9) month period, Title Company shall pay the demand of the creditor set forth in the unresolved matter in full or in the amount negotiated by the Indemnitor and creditor and contained in a written agreement between Indemnitor and creditor.

**Release Date:** 9 months from close of escrow

**Collateral:** $222,709.48

**NOTE: You must provide Title Company with a completed I.R.S. Form W-9 in order for funds to be placed in an interest-bearing account.**

Dated: 10-25-06

INDEMNITOR:

_____          _____
Steven Chan                                                    Lanyi Chan

TELEPHONE: 9496506698
ADDRESS: 770 Center St. Costa Mesa, CA 92627

Lawyers Title Insurance Corporation
Attn: Indemnity Department
4 Hutton Centre Drive, Suite 1050
Santa Ana, CA 92707-5707
TEL: 714-560-8540
FAX: 714-560-0325

Page 4 of 5

Indemnity-SecAgmt-6-21-02
Rev. 6-21-02



JACOBS DECLARATION
EXHIBIT A - PAGE 6

## Schedule A

Order No. 01132108
Indemnity No. **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**

The Insured Premises is described as follows:

All that certain real property situated in the County of Orange, State of California, described as follows:

Lot 5 of Tract 1865, in the City of Costa Mesa, County of Orange, State of California, shown on a Map thereof, in Book 60, page(s) 8 inclusive of Miscellaneous Maps, in the office of the County Recorder of Orange County.

Exception:
Items 4 through 13 of Preliminary Report No. 01132108-04 dated September 14, 2006, incorporated herein by reference.

Page 5 of 5

Indemnity-SecAgmt-6-21-02
Rev. 6-21-02

File No: 01132108

## SCHEDULE B

At the date hereof Exceptions to coverage in addition to the printed exceptions and exclusions in said policy form would be as follows:

A. Property taxes, including general and special taxes, personal property taxes, if any, and any assessments collected with taxes, to be levied for the fiscal year 2006 – 2007 which are a lien not yet payable.

B. Supplemental or escaped assessments of property taxes, if any, assessed pursuant to the Revenue and Taxation Code of the State of California.

1. Covenants, conditions and restrictions, if any, appearing in the public records.

2. Any easements or servitudes appearing in the public records.

3. A deed of trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby.

   Amount:         $348,000.00
   Dated:          November 17, 1998
   Trustor:        Steven Chan and Lanyi Chan, husband and wife
   Trustee:        N. P. Financial Corporation, a California Corporation
   Beneficiary:    National Pacific Mortgage Corporation, a California Corporation
   Recorded:       November 25, 1998 as Instrument No. 19980807003 of Official Records

   By mesne assignments of record, the beneficial interest under said deed of trust was assigned to

   Assignee:              Bankers Trust Company, as Trustee
   Last Assignment
   Recorded:              November 8, 2002 as Instrument No. 2002000995862 of Official Records

   And re-recorded:       August 29, 2003 as Instrument No. 2003001051911 of Official Records

4. A tax lien for the amount shown and any other amounts due, in favor of the State of California.

   Amount:            $1,181.84, plus penalty and costs
   Filed by:          State of California Franchise Tax Board
   Taxpayer:          Steven A. Chan
   Certificate No.:   02172-614032
   Recorded:          June 27, 2002 as Instrument No. 20020541064 of Official Records

Page 4

File No: 01132108

5. An abstract of judgment for the amount shown below and any other amounts due.

    Debtor:               Lanyi Chan
    Creditor:             Discover Bank By its Agent Discover Financial Services, Inc.
    Date entered:      February 4, 2003
    County:              Orange
    Court:               Superior
    Case No.:           02HL05238
    Amount:            $12,909.50, including penalty and costs
    Recorded:          April 22, 2003 as Instrument No. 2003000450050 of Official Records

Eskanos & Adler
Irwin J. Eskanos/Donald R. Stebbins
Jeff Daniel/Jerome M. Yalon
2325 Clayton Road, Concord, California 94520

6. A tax lien for the amount shown and any other amounts due, in favor of the State of California.

    Amount:            $8,656.42, plus penalty and costs
    Filed by:           State of California Franchise Tax Board
    Taxpayer:          Steven A. Chan
    Certificate No.:    04035687663
    Recorded:          February 19, 2004 as Instrument No. 2004000125226 of Official Records

7. An abstract of judgment for the amount shown below and any other amounts due.

    Debtor:               Steven A. Chan
    Creditor:             MBNA America Bank, N.A.
    Date entered:      March 16, 2004
    County:              Orange
    Court:               Superior
    Case No.:           03HL058202
    Amount:            $16,564.81, including penalty and costs
    Recorded:          July 23, 2004 as Instrument No. 2004000672228 of Official Records

Law Offices of Patenaude & Felix
Raymond A. Patenaude
Victor Patenaude
4545 Murphy Canyon Road 3rd Floor
San Diego, California 92123

File No: 01132108

8. An abstract of judgment for the amount shown below and any other amounts due.

| | |
|---|---|
| Debtor: | Steven A. Chan |
| Creditor: | MBNA America Bank, N.A. |
| Date entered: | March 1, 2004 |
| County: | Orange |
| Court: | Superior |
| Case No.: | 03HL05803 |
| Amount: | $16,309.73, including penalty and costs |
| Recorded: | September 2, 2004 as Instrument No. 200400800893 of Official Records |

Law Offices of Patenaude & Felix
Raymond A. Patenaude
Victor Patenaude
4545 Murphy Canyon Road 3rd Floor
San Diego, California 92123

9. An abstract of judgment for the amount shown below and any other amounts due.

| | |
|---|---|
| Debtor: | Lanyi Y. Chan; Steven A. Chan |
| Creditor: | California Business Bureau Inc., a California Corporation |
| Date entered: | March 24, 2005 |
| County: | Orange |
| Court: | Superior |
| Case No.: | 04CL07175 |
| Amount: | $13,367.68, including penalty and costs |
| Recorded: | June 16, 2005 as Instrument No. 2005000465639 of Official Records |

Franklin J. Love
125 S. Citrus Avenue Suite 101
Covina, California 91723

10. An abstract of judgment for the amount shown below and any other amounts due.

| | |
|---|---|
| Debtor: | Steven A. Chan |
| Creditor: | Cacv of Colorado, LLC |
| Date entered: | April 21, 2005 |
| County: | Orange |
| Court: | Superior |
| Case No.: | 04HL02268 |
| Amount: | $10,449.27, including penalty and costs |
| Recorded: | August 3, 2005 as Instrument No. 2005000603115 of Official Records |

Law Office of Curtis
Robert T. Barnes
390 West Cerritos Avenue
Anaheim, California 92805

File No: 01132108

11. A tax lien for the amount shown and any other amounts due, in favor of the State of California.

    Amount:                 $16,864.78, plus penalty and costs
    Filed by:               State of California Franchise Tax Board
    Taxpayer:            Steven A. Chan
    Certificate No.:      05312-673777
    Recorded:           November 10, 2005 as Instrument No. 2005000907962 of Official Records

12. An abstract of judgment for the amount shown below and any other amounts due.

    Debtor:               Steven A. Chan
    Creditor:             Cacv of Colorado, LLC
    Date entered:       April 21, 2005
    County:              Orange
    Court:                Superior
    Case No.:            04HL02268
    Amount:              $10,449.27, including penalty and costs
    Recorded:           March 13, 2006 as Instrument No. 200600163156 of Official Records

Deborah Harvego
Neuheisel Law Firm
2233 Watt Avenue, Suite 245
Sacramento, California 95825

13. An abstract of judgment for the amount shown below and any other amounts due.

    Debtor:               Lan Chang AKA Lanyi Chan
    Creditor:             Incentive Financial Services, LLC
    Date entered:       September 29, 2005
    County:              Orange
    Court:                Superior
    Case No.:            05HL01025
    Amount:              $4,601.44, including penalty and costs
    Recorded:           November 7, 2005 as Instrument No. 2005000892480 of Official Records

Michael K. Sipes
2345 Macdonald Avenue
Richmond, California 94804

## END OF SCHEDULE B EXCEPTIONS

**PLEASE REFER TO THE "NOTES AND REQUIREMENTS SECTION" WHICH
FOLLOWS FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION**

# PROOF OF SERVICE

I, CANDICE A. SPOON, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. On January 10, 2011, I served the following document(s) by the method indicated below:

- **DECLARATION OF SCOTT H. JACOBS IN SUPPORT OF DEFENDANT FIA CARD SERVICES, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov:

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

– 1 –
PROOF OF SERVICE

| Laurie D. Rau<br>Anthony G. Chavos<br>Chavos & Rau, APLC<br>3 MacArthur Place, Suite 150<br>Santa Ana, CA 92707<br>Telephone: 714.435.9505<br>Facsimile: 714.435.9506<br>Email: partners@chavosandrau.com | Attorneys for Plaintiff Steve Chan |
|---|---|

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on January 10, 2011, at Los Angeles, California.

_____
CANDICE A. SPOON

REED SMITH LLP
A limited liability partnership formed in the State of Delaware